JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 25 1976

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE FOLDING CARTON  )
ANTITRUST LITIGATION  )   DOCKET NO. 250

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER *, JOSEPH S. LORD, III *, STANLEY A. WEIGEL, AND ANDREW A. CAFFREY *, JUDGES OF THE PANEL

PER CURIAM

    This litigation was spawned by the indictment of 22 corporations and approximately 50 of their officers and employees for conspiring to fix prices of paperboard folding cartons. The indictment and a companion Government civil enforcement action, naming only the 22 corporations as defendants, were filed on February 18, 1976 in the Northern District of Illinois.

    Shortly thereafter, 23 private actions were filed in six federal districts: fourteen in the Northern District of Illinois, three in the Southern District of New York, two each in the Eastern District of Pennsylvania and the District of Minnesota, and one each in the Southern District of Texas and the Northern District of California.

---

  *  Judges Becker, Lord and Caffrey were unable to attend the Panel hearing and, therefore, did not participate in the consideration or decision of this matter.

With one exception, each of the private actions was filed as a purported class action on behalf of various purchasers of folding cartons. While there are many variations in the descriptions of the classes that plaintiffs seek to represent, most are nationwide classes of all or some group of folding carton purchasers. The 22 corporate defendants named in the Government actions are named as defendants in all or most of the private actions. No other defendants are involved.

The complaints in the private actions track the Government's allegations and basically allege that since at least as early as 1960 the defendants and various named and unnamed co-conspirators have conspired, in violation of Section 1 of the Sherman Act, to fix, raise, maintain and stabilize the prices of folding cartons. Two of the private actions also include allegations of attempted monopolization under Section 2 of the Sherman Act.

This litigation is before the Panel on the motion of thirteen defendants for transfer of 22 of the private actions to the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.[1] All responding parties, except Accurate Metal Weather-

---

[1] The remaining private action, Adams Extract Company, Inc., etc. v. Alton Box Board Company, et al., N.D. Ill., Civil Action No. 76C1535, was filed on the day of the Panel hearing. Prior to the hearing, the plaintiff in this action submitted a response to the Panel supporting the motion and, since all the defendants in this action are already before the Panel, it is included in the order we are herewith entering under Section 1407.

strip Co., Inc., plaintiff in one of the New York actions, agree on the propriety of transfer to the Northern District of Illinois, although defendant International Paper Co. requests that transfer be for the limited purpose of resolving the class action issue.

We find that the private actions involve common questions of fact and that their transfer under Section 1407 to the Northern District of Illinois will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The sole opponent to transfer does not contest the realities that its purported class action shares common questions of fact with the other private actions and is among those that presents the possibility of conflicting class determinations. Nevertheless, plaintiff opposes transfer because it fears that Section 1407 proceedings will delay its action.

This argument is without merit. As is often the case in multidistrict antitrust litigation, the private actions raise common factual issues that necessitate transfer in order to prevent duplication of discovery and streamline the rest of the pretrial proceedings as well. See, e.g., In re Plywood Antitrust Litigation, 376 F. Supp. 1405

(J.P.M.L. 1974). An especially important factor requiring Section 1407 treatment is the need for centralization and consistency concerning the class action issues. See In re Sugar Industry Antitrust Litigation, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975). And, of course, the extent of coordinated or consolidated pretrial proceedings is a matter solely within the discretion of the transferee judge. In re Equity Funding Corporation of America Securities Litigation, 375 F. Supp. 1378, 1384 (J.P.M.L. 1974).

The Northern District of Illinois is clearly the most appropriate transferee forum for this litigation. Fourteen of the 23 private actions before us are already pending there. Transfer to that district will best facilitate the coordination that will no doubt be necessary between the private actions and the seminal Government criminal and civil actions which are pending in Illinois. See In re Sugar Industry Antitrust Litigation, 395 F. Supp. 1271, 1274 (J.P.M.L. 1975); In re Toilet Seat Antitrust Litigation, 387 F. Supp. 1342, 1344 (J.P.M.L. 1975); In re West Coast Bakery Flour Antitrust Litigation, 368 F. Supp. 808, 809 (J.P.M.L. 1974). And the same is true concerning the probable need of the parties for coordination with the Government concerning the grand jury documents that led to the indictment. Id. Moreover, Chicago's central location is another reason commending transfer to the

- 5 -

Northern District of Illinois inasmuch as the present litigation is nationwide. See In re Government Auto Fleet Sales Antitrust Litigation, 328 F. Supp. 218, 220 (J.P.M.L. 1971).

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in districts other than the Northern District of Illinois be, and the same hereby are, transferred to that district and, with the consent of that court, assigned to the Honorable Hubert L. Will for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions listed on Schedule A and pending there.

## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Adams Extract Company, Inc., etc. v. Alton Box Board Company, et al. | Civil Action No. 76C1535 |
| Thompson International, Inc. v. Alton Box Board Co., et al. | Civil Action No. 76C934 |
| Castcraft Industries, Inc., etc. v. Alton Box Board Co., et al. | Civil Action No. 76C983 |
| Service Bindery Co., Inc. v. Alton Box Board Co., et al. | Civil Action No. 76C1019 |
| Charming Shoppes of Delaware, Inc., et al. v. Alton Box Board Co., et al. | Civil Action No. 76C1026 |
| Old World Baking Co. v. American Can Co., et al. | Civil Action No. 76C1062 |
| Hillman's Inc., etc. v. Alton Box Board Co., et al. | Civil Action No. 76C624 |
| G. Heileman Brewing Co., Inc. v. Alton Box Board Co., et al. | Civil Action No. 76C644 |
| Grist Mill Co., etc. v. Alton Box Board Co., et al. | Civil Action No. 76C649 |
| Bodines, Inc., etc. v. St. Regis Paper Co., et al. | Civil Action No. 76C656 |
| Corey Brothers Bakery, etc. v. Alton Box Board Co., et al. | Civil Action No. 76C683 |
| Community Shops, Inc., et al. v. Alton Box Board Co., et al. | Civil Action No. 76C820 |
| Bear Stewart Corp., etc. v. Alton Box Board Co., et al. | Civil Action No. 76C863 |
| Florida Fruit Juices, Inc., etc. v. Alton Box Board Co., et al. | Civil Action No. 76C878 |

| SCHEDULE A | DOCKET NO. 250 |
|---|---|

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dothan Manufacturing Co. v. Alton Box Board Co., et al. | Civil Action No. 76 Civ 969 |
| Accurate Metal Weatherstrip Co., Inc. v. Alton Box Board Co., et al. | Civil Action No. 76 Civ 882 |
| Sero Shirt Co., et al. v. Alton Box Board Co., et al. | Civil Action No. 76 Civ 1325 |

### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Queen Cutlery Co., etc. v. Alton Box Board Co., et al. | Civil Action No. 76-656 |
| Bond Baking Co. v. Alton Box Board Co., et al. | Civil Action No. 76C 752 |

### DISTRICT OF MINNESOTA

| | |
|---|---|
| Blue Waters Investment Co. v. Alton Box Board Co., et al. | Civil Action No. Civ-4-76-117 |
| Surrey, Inc. v. Alton Box Board Co., et al. | Civil Action No. Civ-4-76-118 |

### SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Page Boy, Inc. v. Alton Box Board Co., et al. | Civil Action No. 76-H-304 |

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Falstaff Brewing Corp., etc. v. Alton Box Board Co., et al. | Civil Action No. C76-372-RHS |

DOCKET NO. 250

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re Folding Carton Antitrust Litigation

Order Denying Oral Argument

The Panel previously transferred all actions in this litigation to the Northern District of Illinois and, with the consent of that court, assigned them to the Honorable Hubert L. Will for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. In re Folding Carton Antitrust Litigation, 415 F. Supp. 384 (J.P.M.L. 1976). On October 6, 1976, the Panel entered the following order:

> It is hereby ordered that all previous orders of the Panel transferring actions in this litigation to the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 be amended to assign these actions to Judge Edwin A. Robson along with the previously-assigned Judge Hubert L. Will. Each transferee judge shall have total jurisdiction over the coordinated or consolidated pretrial proceedings in this litigation and each judge may act individually and/or jointly with respect to those proceedings.

On December 27, 1976, F.N. Burt Company, one of the defendants in this litigation, moved the Panel for an order designating Judge Robson as a judge for settlement purposes only. On January 11, 1977, four other defendants joined in this motion. F.N. Burt Company has requested that it be granted an opportunity to present oral argument in support of its motion.

The Panel having fully considered F.N. Burt Company's request for oral argument on this matter,

IT IS ORDERED that the request for oral argument be, and the same hereby is, DENIED. See Rule 13(b), R.P.J.P.M.L., 65 F.R.D. 253, 263 (1975). Once all briefs have been filed, this matter shall be deemed submitted and shall be considered and determined upon the basis of the papers filed. Id.

FOR THE PANEL:

John Minor Wisdom
Chairman

DOCKET NO. 250

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE FOLDING CARTON ANTITRUST LITIGATION

### ORDER*

It appearing that five defendants in the above-captioned litigation have either moved or joined in a motion for the Panel to enter an order designating the Honorable Edwin A. Robson as a transferee judge for settlement purposes only, and the Panel having fully considered this motion on the basis of the papers filed [1/],

IT IS ORDERED that defendants' motion be, and the same hereby is, DENIED.

FOR THE PANEL:

*John Minor Wisdom*
John Minor Wisdom
Chairman

---

* Judges Edwin A. Robson and Roy W. Harper recused themselves and took no part in the consideration or decision of this matter. In addition, Judge Joseph S. Lord, III took no part in the consideration or decision of this matter.

1/ The Panel denied a request for oral argument on this motion on February 3, 1977.